Requestor: Geoffrey E. Chanin, Assistant County Attorney County of Orange County Government Center Goshen, New York 10924-1627
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a county is authorized to enact legislation requiring municipalities within its boundaries to create local emergency plans.
The procedures to be followed in planning for and responding to a disaster are defined by State law (Executive Law, Art 2-B). For purposes of this article "disaster" is broadly defined to mean
 "occurrence or imminent threat of wide spread or severe damage, injury, or loss of life or property resulting from any natural or man-made causes, including, but not limited to, fire, flood, earthquake, hurricane, tornado, high water, landslide, mudslide, wind, storm, wave action, volcanic activity, epidemic, air contamination, blight, drought, infestation, explosion, radiological accident or water contamination" (id., § 20[2][a]).
Each county, except those within the City of New York, and each city is authorized to prepare a disaster preparedness plan (id., § 23[1]). The purpose of these plans is to minimize the effect of disasters by identifying appropriate local measures to prevent disasters, to develop mechanisms to coordinate the use of local resources and manpower for service during and after disasters and to provide for recovery and redevelopment after disasters (id., § 23[2]). The content of local disaster preparedness plans is further defined by State law (id., § 23).
The chief executive of a county, city, town or village is authorized to proclaim a local state of emergency within any part or all of the territorial limits of the local government "in the event of a disaster, rioting, catastrophe or similar public emergency . . . or in the event of reasonable apprehension of immediate danger thereof, and upon a finding by the chief executive thereof that the public safety is imperiled thereby" (id., § 24[1]). During a local state of emergency, the chief executive may promulgate emergency orders to protect life and property or to bring the emergency under control (id., § 24[1]). A local emergency order remains in effect for five days after promulgation unless sooner terminated by the chief executive (id., § 24[2]). The chief executive may extend an order declaring a local emergency for additional five-day periods during the pendency of the emergency (ibid.).
The stated policy underlying the disaster preparedness statute is to provide local chief executives with authority and responsibility in relation to the development and implementation of disaster preparedness programs (id., § 20[1][b]). Chief executives are given extraordinary powers during local emergencies (see, e.g., § 24[1]). The Legislature, however, has authorized the declaration of an emergency only under limited circumstances and has limited the duration of an emergency to five days (id., § 24[2]). Upon the expiration of each five-day period, the emergency would terminate unless the chief executive, upon making the required statutory findings, extends the emergency.
Local government and emergency service organizations play an essential role as the first line of defense to disasters and State resources are available to respond to disasters that are beyond the capability of local governments and emergency service organizations (id., § 20[1][a] and [d]). Where a local state of emergency has been declared, the chief executive of the county in which the emergency has been declared (or where a county is wholly contained within a city, the chief executive of the city) may request that the Governor provide assistance should he determine that the disaster is beyond the capacity of the local government to handle (id., § 24[7]).
Upon the threat or occurrence of a disaster, a local chief executive officer may request and accept assistance that is coordinated and directed by the county chief executive (id., § 25[2]). The chief executive of the county is authorized to coordinate responses to requests for assistance made by chief executives of political subdivisions within the county (id., § 26[1]). In coordinating assistance, the county chief executive officer must utilize existing organizations and lines of authority and any disaster preparedness or civil defense plans prepared by the affected municipality (id., § 26[2]).
Thus, under State law counties may prepare disaster preparedness plans to coordinate use of local resources during and after a disaster. Upon the request of a locality in the county, the county chief executive officer may provide assistance. State law recognizes that each local government may prepare its own plan, which must be utilized by the county in providing assistance. There is no authority, however, for a county to require that a municipality prepare a disaster preparedness plan. Such authority is not granted by Article 2-B nor by the Municipal Home Rule Law (Municipal Home Rule Law, § 10[5]). Except in the case of a transfer of functions under the Constitution or under an alternative form of county government, a local government may not adopt local laws which impair the powers of any other public corporation (ibid.).
We conclude the the county's role in dealing with local disasters is defined by State law and includes authority to provide assistance to political subdivisions within the county.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.